**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4822**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

ENRIQUE CORONADO,

                Defendant – Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:09-cr-00073-JAB-1)

———————

Submitted: April 12, 2011              Decided: May 6, 2011

———————

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Arza Feldman, FELDMAN AND FELDMAN, Uniondale, New York, for Appellant.  Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Enrique Coronado appeals his conviction and sixty-five-month sentence imposed following his guilty plea to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (2006). On appeal, Coronado contends that the district court plainly erred in accepting his guilty plea because the factual basis was insufficient and that the district court failed to adequately explain his sentence. Finding no reversible error, we affirm.

Prior to accepting a defendant's guilty plea, "the [district] court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). The district court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). Upon review, we conclude that the district court did not abuse its discretion in accepting the offense conduct as set forth in the factual basis accompanying the plea agreement as sufficient to support Coronado's guilty plea. See id. (reviewing acceptance of guilty plea for abuse of discretion; see also United States v. Kellam, 568 F.3d 125, 139 (4th Cir.) (stating elements of offense), cert. denied, 130 S. Ct. 657 (2009).

Coronado also contends that his sentence was unreasonable because the district court failed to adequately explain that sentence. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal footnote omitted). With regard to a sentence within the Guidelines range,

> [g]enerally, an adequate explanation . . . is provided when the district court indicates that it is "rest[ing] [its] decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical."

United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 357 (2007).

Because counsel raises the claimed error for the first time on appeal, we review for plain error. United States v. Lynn, 592 F.3d 572, 577-78 (4th Cir. 2010); see United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard). Our review of the record leads us to conclude that the district court's explanation, although brief, was adequate under Carter. Thus, the district court did not commit reversible procedural error in imposing Coronado's sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED